Andrew G. Watters (#237990)
Susanna L. Chenette (#257914)
555 Twin Dolphin Dr., Ste. 135
Redwood City, CA 94065
+1 (415) 261-8527
andrew@andrewwatters.com

Attorneys for Plaintiffs Hanieh Sigari and Qyral, LLC

**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIEH SIGARI, an individual; QYRAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DARIUSZ BANASIK, an individual; DOES 1-10,<br><br>Defendants. | Case No.: 5:24-CV-01816-EJD<br><br><br>PLAINTIFF'S ANSWER TO COUNTERCLAIM OF DEFENDANT DARIUSZ BANASIK |

Pursuant to Federal Rule of Civil Procedure 8(b), Plaintiff Hanieh Sigari Individually and on behalf of Qyral, LLC as its CEO (hereinafter "Plaintiff") respond to the allegations in each corresponding paragraph of the Counterclaim of Dariusz Banasik (hereinafter "Defendant") as follows:

**INTRODUCTION**

1. Plaintiff admits the allegations of Paragraph 1 of the Parties section of the Counterclaim.

2. Plaintiff admits the allegations of Paragraph 2 of the Parties section of the Counterclaim.

3. Plaintiff admits the allegations of Paragraph 3 of the Parties section of the Counterclaim.

4. Plaintiff admits the allegations of Paragraph 4 of the Parties section of the Counterclaim.

5. Plaintiff denies the allegations of Paragraph 5 of the Parties section of the Counterclaim.

## SUBJECT MATTER JURISDICTION

6. Plaintiff admits the allegations of Paragraph 6 of the Subject Matter Jurisdiction section of the Counterclaim.

## PERSONAL JURISDICTION

7. Plaintiff admits the allegations of Paragraph 7 of the Personal Jurisdiction section of the Counterclaim.

## VENUE AND INTRADISTRICT ASSIGNMENT

8. Plaintiff admits the allegations of Paragraph 8 of the Venue and Intradistrict Assignment section of the Counterclaim.

## DERIVATIVE NATURE OF CLAIMS

9. Plaintiff denies the allegations of Paragraph 9 of the Derivative Nature of Claims section of the Counterclaim.

10. Plaintiff denies the allegations of Paragraph 10 of the Derivative Nature of Claims section of the Counterclaim.

## FACTUAL ALLEGATIONS

## I. BACKGROUND

11. Plaintiff denies the allegations of Paragraph 11 of the Background section of the Counterclaim.

## II. FORMATION OF QYRAL

12. Plaintiff denies the allegations of Paragraph 12 of the Formation of Qyral section of the Counterclaim.

13. Plaintiff denies the allegations of Paragraph 13 of the Formation of Qyral section of the Counterclaim.

14. Plaintiff denies the allegations of Paragraph 14 of the Formation of Qyral section of the Counterclaim.

15. Plaintiff denies the allegations of Paragraph 15 of the Formation of Qyral section of the Counterclaim.

16. Plaintiff denies the allegations of Paragraph 16 of the Formation of Qyral section of the Counterclaim.

17. Plaintiff denies the allegations of Paragraph 17 of the Formation of Qyral section of the Counterclaim.

18. Plaintiff denies the allegations of Paragraph 18 of the Formation of Qyral section of the Counterclaim.

19. Plaintiff denies the allegations of Paragraph 19 of the Formation of Qyral section of the Counterclaim.

20. Plaintiff denies the allegations of Paragraph 20 of the Formation of Qyral section of the Counterclaim.

### III. QYAREL REMAINS FINANCIALLY DISTRESSED

21. Plaintiff denies the allegations of Paragraph 21 of the Qyarel Remains Financially Distressed section of the Counterclaim.

### IV. SIGARI'S VARIOUS BREACHES

22. Plaintiff denies the allegations of Paragraph 22(a-p) of the Sigari's Various Breaches section of the Counterclaim.

### FIRST CLAIM FOR RELIEF

23. Plaintiff denies the allegations of Paragraph 23 of the First Claim for Relief section of the Counterclaim.

24. Plaintiff denies the allegations of Paragraph 24 of the First Claim for Relief section of the Counterclaim.

25. Plaintiff denies the allegations of Paragraph 25 of the First Claim for Relief section of the Counterclaim.

26. Plaintiff denies the allegations of Paragraph 26 of the First Claim for Relief section of the Counterclaim.

27. Plaintiff denies the allegations of Paragraph 27 of the First Claim for Relief section of the Counterclaim.

28. Plaintiff denies the allegations of Paragraph 28 of the First Claim for Relief section of the Counterclaim.

29. Plaintiff denies the allegations of Paragraph 29 of the First Claim for Relief section of the Counterclaim.

30. Plaintiff denies the allegations of Paragraph 30 of the First Claim for Relief section of the Counterclaim.

## SECOND CLAIM FOR RELIEF

31. Plaintiff denies the allegations of Paragraph 31 of the Second Claim for Relief section of the Counterclaim.

32. Plaintiff denies the allegations of Paragraph 32 of the Second Claim for Relief section of the Counterclaim.

33. Plaintiff denies the allegations of Paragraph 33 of the Second Claim for Relief section of the Counterclaim.

## THIRD CLAIM FOR RELIEF

34. Plaintiff denies the allegations of Paragraph 34 of the Third Claim for Relief section of the

Counterclaim.

35. Plaintiff denies the allegations of Paragraph 35 of the Third Claim for Relief section of the Counterclaim.

36. Plaintiff denies the allegations of Paragraph 3 of the Third Claim for Relief section of the Counterclaim.

## FOURTH CLAIM FOR RELIEF

37. Plaintiff denies the allegations of Paragraph 37 of the Fourth Claim for Relief section of the Counterclaim.

38. Plaintiff denies the allegations of Paragraph 38 of the Fourth Claim for Relief section of the Counterclaim.

39. Plaintiff denies the allegations of Paragraph 39 of the Fourth Claim for Relief section of the Counterclaim.

## FIFTH CLAIM FOR RELIEF

40. Plaintiff denies the allegations of Paragraph 40 of the Fifth Claim for Relief section of the Counterclaim.

41. Plaintiff denies the allegations of Paragraph 41 of the Fifth Claim for Relief section of the Counterclaim.

42. Plaintiff denies the allegations of Paragraph 42 of the Fifth Claim for Relief section of the Counterclaim.

43. Plaintiff denies the allegations of Paragraph 43 of the Fifth Claim for Relief section of the Counterclaim.

## SIXTH CLAIM FOR RELIEF

44. Plaintiff denies the allegations of Paragraph 44 of the Sixth Claim for Relief section of the

Counterclaim.

45. Plaintiff denies the allegations of Paragraph 45 of the Sixth Claim for Relief section of the Counterclaim.

46. Plaintiff denies the allegations of Paragraph 46 of the Sixth Claim for Relief section of the Counterclaim.

47. Plaintiff denies the allegations of Paragraph 47 of the Sixth Claim for Relief section of the Counterclaim.

## SEVENTH CLAIM FOR RELIEF

48. Plaintiff denies the allegations of Paragraph 48 of the Seventh Claim for Relief section of the Counterclaim.

49. Plaintiff denies the allegations of Paragraph 49 of the Seventh Claim for Relief section of the Counterclaim.

50. Plaintiff denies the allegations of Paragraph 50 of the Seventh Claim for Relief section of the Counterclaim.

## AFFIRMATIVE DEFENSES

Plaintiff also hereby asserts the following separate affirmative defenses to Defendant's Counterclaim:

51. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Counterclaim, and each cause of action therein, fails to state a cause of action against Plaintiff.

52. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Counterclaim and each and every alleged cause of action therein fail to state facts sufficient to constitute a cause of action against Plaintiff.

53. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the

Defendant is barred from asserting each and all of the purported causes of action, or otherwise asserting any rights to relief against Defendant, by reason of the inequitable conduct of Defendant, amounting to unclean hands.

54. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Defendant's claims are barred in whole or in part by the doctrine of laches.

55. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Defendant is seeking to recover more than he is entitled to in this case, and award of the judgment sought by Defendant would unjustly enrich him.

56. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Plaintiff's obligations to Defendant, if any, are subject to offset for recoveries due Plaintiff.

57. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Defendant failed to take reasonable steps to reduce or minimize the damages experienced, if any.

58. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Defendant failed to comply with the terms of the contract by breaching the implied warranty of good faith and fair dealing by acting unreasonably, denying the benefits of the contract to Plaintiff.

59. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Plaintiff alleges that Defendant substantially and materially breached the obligations and contract complained of prior to commencement of this Counterclaim which conduct extinguished Defendant's right to maintain the Counterclaim.

60. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that even if Defendant's allegations are true, Defendant did not suffer any damages (economic loss).

61. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the

Plaintiff performed all duties owed under the contract other than any duties which were prevented or excused, and therefore never breached the contract.

62. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that by reason of Defendant's own acts and omissions, Defendant's claims are barred by the doctrine of estoppel.

63. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the by reason of Defendant's own acts and omissions, Defendant's claims are barred by the doctrine of waiver.

64. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Plaintiff did not breach any alleged agreement.

65. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Plaintiff complied with a substantial portion of the alleged agreement.

66. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant's allegations are uncertain, and, on that basis, relief cannot be granted.

67. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant obtained Plaintiff's consent through fraud, deceit, or misrepresentation by Defendant, and that as a result the contract is invalid.

68. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Plaintiff acted as might be reasonably expected of persons of ordinary prudence acting under similar circumstances who desired to comply with the law.

69. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that to the extent Defendant suffered damages, which Plaintiff denies, such injury or damage was not proximately caused by any conduct or inaction of Defendant, or was not foreseeable, or both.

70. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the Counterclaim, including each purported cause of action contained therein, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California CCP §§337, 338 and 339, and California Business and Professions Code §17208, and any other applicable statutes of limitation.

71. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant, and each and every cause of action contained in the unverified Counterclaim, is barred by reason of acts, omissions, representations, and courses of conduct by Defendant, by which Plaintiff was led to rely on to its detriment, thereby barring each and every cause of action under the Doctrine of Equitable Estoppel.

72. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant, or a person acting on behalf of Defendant, stated that Defendant would not perform under the contract, and therefore no further payment or performance was required by Plaintiff.

73. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that there is no contractual relationship or agreement between Plaintiff and Defendant, specifically: Plaintiff never entered into the contract or agreement alleged in the Counterclaim with Defendant.

74. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant does not have standing to bring this case. Specifically, Defendant is not who Plaintiff entered into the contract with, and failed to attach any agreement that shows he is the legal owner or manager of Qyral and has a right to bring this case.

75. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Plaintiff is not responsible for Defendant's harm because Defendant's conduct is evidence that

PLAINTIFF'S ANSWER TO COUNTERCLAIM OF DEFENDANT DARIUSZ BANASIK

Defendant consented to and or voluntarily participated in the acts alleged, or conduct similar thereto.

76. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant is barred from recovery because they knowingly and voluntarily assumed the risk of getting injured.

77. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant is barred from recovery because Plaintiff had no knowledge of or reason to know of the conduct alleged in Defendant's Counterclaim.

78. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant did not conduct himself in a reasonable manner or as a reasonable person would have in like or similar circumstances, and, by such conduct, Defendant legally caused and/or contributed to his own damages and losses, if any, against Plaintiff.

79. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Plaintiff exercised due diligence and relied in good faith on the representations of others, and was not aware, nor had any way of becoming aware, of any alleged wrongdoing or omissions.

80. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant failed to take precautions, which would have avoided and/or diminished the injuries and damages, if any, complained of in the Counterclaim.

81. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the damages sustained by Defendant, if any, were caused by the acts of others, which bars Defendant's recovery, if any, against Plaintiff.

82. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the damages sustained by Defendant, if any, were caused by the acts of Defendant, which bars

Defendant's recovery, if any, against Plaintiff.

83. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges Defendant's Counterclaim against Plaintiff is barred by his failure to mitigate his damages, as the law requires.

84. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that the damages sustained by Defendant, if any, were caused by the acts of Defendant, which bars Defendant's recovery, if any, against Plaintiff.

85. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that if Defendant was damages, which allegation Plaintiff denies, Defendant is estopped from any recovery by the doctrine of *in pari delicto*.

86. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges Defendant's Counterclaim against Plaintiff is barred in whole or in part, because Defendant has not sustained any loss, damage, harm or detriment in any amount.

87. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff denies undertaking any wrongful acts or other omissions which would justify granting relief to Defendant.

88. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant's purported damages, if any, are speculative and uncertain.

89. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Defendant's recovery is barred by the doctrine of excuse.

90. As a separate and distinct affirmative defense to the Counterclaim, Plaintiff alleges that Plaintiff may be entitled to additional defenses, of which Plaintiff is not currently aware. Plaintiff reserves the right to assert additional affirmative defenses.

**PLAINTIFF'S PRAYER FOR RELIEF**

Plaintiff denies that Defendant is entitled to the relief sought, or any relief, and requests the Court to rule:

1. That the Defendant take nothing by way of his Counterclaim;

2. That a decision be rendered against Defendant and in favor of Plaintiff with respect to all of Defendant's allegations;

3. That the Counterclaim be dismissed in its entirety, with prejudice;

4. That Plaintiff be awarded its attorney's fees and costs of suit herein incurred; and

5. For such other and further relief as the Court deems just and proper.

Dated: May 15, 2024

*Andrew G. Watters*
—————————————————
Andrew G. Watters, Esq.
Attorney for Plaintiff Hanieh Sigari
Individually and on behalf of Qyral, LLC as
its CEO